# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL STEVE DIXON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. LEWIS, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00989 DAD-BAM-PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Currently before the Court is Plaintiff's complaint filed June 29, 2016.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Sierra Conservation Center in Jamestown (SCC), brings this civil rights action against Defendant correctional officials employed by the CDCR at SCC, where the conduct at issue occurred.  Plaintiff names as Defendants the following individuals: Deputy CDCR Director J. Lewis, Dr. J. St. Clair, M.D.; R. Duncan, SCC Chief Executive Officer of Health Care Services; William Savage, M.D.; N. Ridge, D.O.; Licensed Vocational Nurse (LVN) David; Physician's Assistant (PA) T. Day; Supervisory Registered Nurse (RN) M. Bayna.

Plaintiff alleges that on May 14, 2015, during the a.m. pill line, Defendant David accused him of attempting to conceal prescribed medication.  David stated loudly that "you have peanut

butter in your mouth and trying to hide your medication." (ECF No. 1 at 4:4.) Defendant David summoned a correctional officer. By the time that the C/O arrived, David informed the C/O that Plaintiff had swallowed the pill. The C/O Advised David that there was nothing he could do.

Plaintiff filed a Health Care Appeal. In the appeal, Plaintiff indicates that Defendant PA Day rescinded Plaintiff's morphine prescription, based on a notification from Defendant David that Plaintiff improperly hoarded his medication. Plaintiff alleges that CDCR health care policy specifically prohibits any prescribed medication, including morphine, from being discontinued for "no shows/refusals/hoarding and cheeking." ((Id. 4:23.)

Plaintiff's appeal was denied by Defendant St. Clair and Defendant Duncan. On September 24, 2015, Defendant Deputy Director of Policy and Risk Management Services J. Lewis "adopted both first and second level appeal denials, Log No. SCC HC 15011917, stating that plaintiff was observed with morphine tablet stuck to the roof of mouth in violation of a 'pain contract' he previously signed." (Id. at 6:21-22.) The appeal was also denied on the ground that Plaintiff received follow-up evaluation and treatment on September 4, 2015, for Plaintiff's left shoulder pain (which initiated the prescription for morphine), and that "no current documentation to indicate his current condition meets the California Correctional Health Care Services (CCHCS) Pain Management Guidelines Criteria for narcotics." (Id. at 6:25.)

On November 2, 2015, Plaintiff submitted another Health Care Appeal. Plaintiff complained that the medication that he was prescribed in place of morphine caused him to have an upset stomach. Plaintiff again indicated his disagreement with Defendants' version of the events on May 20, 2015. Plaintiff indicates that, in his view, he did not violate prison regulations. Plaintiff also indicates that on September 30, 2015, Defendant Dr. Ridge, Plaintiff's primary care physician, prescribed naproxen for Plaintiff's pain. The naproxen caused Plaintiff to suffer from an upset stomach. Dr. Ridge then replaced that prescription with sulindac. Plaintiff alleges that both medications caused him to suffer an upset stomach. Plaintiff alleges that Defendants St. Clair and Duncan partially granted his appeal to see an orthopedic physician for his shoulder pain, but denied the request to renew his morphine prescription. Plaintiff alleges that he continues to suffer from limited mobility in his left shoulder, along with shoulder pain.

## III.

## DISCUSSION

### A. Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 10986.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not

support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff has failed to allege facts that establish deliberate indifference to his serious medical needs, as that term is defined above. Plaintiff's central claim is that he was denied his request to renew his morphine prescription. That Plaintiff was denied his request to renew his morphine prescription does not, of itself, state a claim for deliberate indifference. The facts alleged by Plaintiff indicate that he was prescribed other pain medication. That the other pain medication caused him to have an upset stomach does not, of itself, subject Defendants to liability under the Eight Amendment. Plaintiff has not alleged any facts suggesting that, in the opinion of a medical professional, morphine was indicated, or that the other pain medications prescribed to Plaintiff were medically unacceptable. That Plaintiff, in his view, should have been prescribed morphine does not subject Defendants to liability for their failure to do so. Liberally construed, Plaintiff has alleged, at most, a disagreement with the course of treatment prescribed by medical officials. As noted, such an allegation fails to state a claim for relief. Sanchez, 891 F.2d at 242. Plaintiff's Eighth Amendment claim of inadequate medical care should therefore be dismissed.

Further, Plaintiff attaches as an exhibit to his complaint a copy of the response to his first level health care appeal dated June 23, 2015. The response indicates that Plaintiff was tapered off of morphine from May 14, 2015, to May 27, 2015. Dr. Savage explained to Plaintiff that the risk issues outweigh any benefit for continuing morphine, and that it was therefore not medically indicated.[1]

**B.    Grievance Process**

Plaintiff seeks to hold the supervisory Defendants liable because they, through the health care appeals process, approved the decision to discontinue Plaintiff's morphine medication. Even assuming Plaintiff could state an Eighth Amendment claim for relief on his allegations regarding the discontinuance of his morphine, involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of a violation, or contribute to

---

[1] The Court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

5

the underlying violation. Peralta v. Dillard, 744 F.3d 1076, 1086-97 (9th Cir. 2014). In order to hold the supervisory Defendants liable, Plaintiff must allege facts as to each Defendant indicating that they knew of and disregarded an objectively serious risk to Plaintiff's health, resulting in injury to Plaintiff. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 625 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has failed to allege any facts indicating personal participation by the supervisory Defendants in any violation of Plaintiff's rights. The supervisory Defendant should therefore be dismissed.

Further, to the extent that Plaintiff seeks to challenge the inmate grievance process itself, he is advised that inmates lack a separate constitutional entitlement to a specific grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 649, 640 (9th Cir. 1988). '[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F.Supp.2d 8, 10 (N.D. Ill. 1982) (accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of a grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F.Supp.2d at 10; Spencer v. Moore, 638 F.Supp. 315, 316 (E.D. Mo. 1986). Plaintiff cannot therefore state a claim for relief for any deficiency in the grievance process.

### C. State Law Claims

Plaintiff appears to allege a violation of state policy and the California Code of Regulations. Plaintiff is advised that the mere failure to follow a state policy will not support a constitutional claim under section 1983. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).

1 Regarding Plaintiff's allegations of violations of Title 15 of the California Code of
2 Regulations, the existence of such regulations governing the conduct of prison employees does
3 not necessarily entitle Plaintiff to sue civilly to enforce the regulations, or to sue for damages
4 based on their violation. The Court has found no authority to support a finding that there is an
5 implied private right of action under Title 15 of the California Code of Regulation and Plaintiff
6 has provided none. Given that the statutory language does not support an inference that there is a
7 private right of action, the Court finds that Plaintiff is unable to state any cognizable claims upon
8 which relief may be granted based on a violation of Title 15 of the California Code of
9 Regulations.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers

Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 29, 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated: **September 21, 2016** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE