# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DANIEL STEVE DIXON,

      Plaintiff,

   v.

J. LEWIS, et al.,

      Defendants.

Case No. 1:16-cv-00989 DAD-BAM-PC

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM

(ECF No. 15)

FOURTEEN-DAY DEADLINE

## **Findings and Recommendations**

Plaintiff Daniel Steve Dixon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 21, 2016, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 12.) Plaintiff's first amended complaint, filed on November 18, 2016, is currently before the Court for screening.

### I.     Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. §

1

1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Allegations in First Amended Complaint

Plaintiff is currently housed at the R.J. Donovan Correctional Facility in San Diego, California. The events giving rise to this action are alleged to have occurred while Plaintiff was housed at the Sierra Conservation Center ("SCC") in Jamestown, California. Plaintiff names the following defendants: (1) Dr. J. St. Clair; (2) Dr. William Savage; (3) Dr. N. Ridge; and (4) Physician's Assistant ("PA") T. Day.

Plaintiff alleges as follows: In 2014, while at Deuel Vocational Institution ("DVI") for out-to-court appearances, Plaintiff was examined by a doctor at DVI for severe pain in his left shoulder caused by falling to the cell floor while experiencing a seizure. He was rushed to the hospital, where he remained for a few days. Thereafter, based on restless sleep, stabbing pain in

his left shoulder, and mobility issues in his left arm, Plaintiff underwent physical therapy at DVI and was prescribed morphine pain medication, without a waiver, after other pain medications were determined ineffective and discontinued.

When Plaintiff returned to SCC, on January 26, 2015, Dr. Savage found Plaintiff's left shoulder injury severe enough to prescribe pain medication. Unlike DVI, however, Dr. Savage required Plaintiff to sign a pain management agreement. If not signed, the morphine would have been discontinued and replaced with other medication.

On April 23, 2015, Dr. Savage again examined Plaintiff and increased his morphine pain medication from 1 tablet by mouth twice a day to 3 times a day as needed for pain.

On May 14, 2015, Plaintiff was issued a CDCR-128-A Information Chrono for allegedly failing to swallow his prescribed medication. PA Day ordered that Plaintiff be eased off of his morphine medication for allegedly being caught "cheeking" his medication. (ECF No. 15 at ¶ 14.)

On May 20, 2015, Plaintiff submitted a CDCR 602 health care appeal regarding the discontinuation of his pain medication, which resulted from PA Day rescinding the medication based on notification from Licensed Vocational Nurse David.

On June 20, 2015, during Plaintiff's interview with Dr. Savage at the first level of appeal, Plaintiff asked that his morphine medication be reinstated. Dr. Savage stated that Plaintiff was caught cheeking medication, and based on the pain medication agreement, he could not continue prescribing morphine, but if Plaintiff needed another non-opiate medication, then he would refer Plaintiff to another doctor. Plaintiff then referred Dr. Savage to the prison health care operational procedure and explained to Dr. Savage that medical staff was prohibited from taking any prescribed medication, including morphine, based on no-shows/refusals/hoarding and cheeking. Dr. Savage stated that there were ways to get around the policy.

On June 23, 2015, Dr. St. Clair issued a supporting denial of Plaintiff's first level appeal, without acknowledging that he, as Chief Medical Executive, gave final approval for Plaintiff's MRI examination, which revealed left shoulder pain. Plaintiff continued to pursue the need for pain management medication to medical staff, but was met with denial at each level.

On September 30, 2015, Plaintiff submitted a signed CDCR Form 22 to Dr. Ridge for pain medication. Correctional Officer R. Morse signed the form before it was routed to medical. When Dr. Ridge did not respond, Plaintiff submitted another CDCR 602 inmate appeal on November 2, 2015, complained that his newly prescribed Naproxen was insufficient and upset his stomach. Dr. Ridge interviewed Plaintiff and prescribed Sulindac on a trial basis. The medication did not relieve Plaintiff's pain. Dr. St. Clair again responded at the first level of appeal and again denied morphine, which Dr. Ridge said would happen based on the alleged cheeking of morphine on May 14, 2015. Plaintiff against sought redress through the appeal process, but was denied.

Plaintiff asserts that he has chronic pain, particularly in his left shoulder, which led to physical therapy as late as July or August 2016. Plaintiff contends that based on he alleged cheeking of medication, SCC medical physicians joined together to deny Plaintiff workable pain medication and, specifically, morphine.

Plaintiff asserts a violation of his Eighth Amendment rights and seeks declaratory and injunctive relief, along with compensatory and punitive damages.

**III. Discussion**

Plaintiff contends that Defendant Day is liable for stripping Plaintiff of his pain medication, Defendant Savage is liable for failing to reinstate Plaintiff's medication, Defendant Ridge is liable for prescribing ineffective pain medication, and Defendant St. Clair is liable for failing to intervene or provide Plaintiff with treatment after being alerted of the issue by reviewing Plaintiff's appeal.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

indifferent." *Jett*, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. Cty. of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Here, Plaintiff has failed to allege facts that establish deliberate indifference to his serious medical needs. The crux of Plaintiff's complaint is that his morphine medication was stopped due to allegations of cheeking and his subsequent requests to renew his morphine prescription were denied. However, Plaintiff has indicated that although his morphine medications were stopped, he was prescribed various medications to address his complaints of pain. Plaintiff has not adequately alleged that the other pain medications prescribed to Plaintiff were medically unacceptable. Moreover, Plaintiff has not alleged facts suggesting that, in the opinion of a medical professional, morphine was indicated following its cessation. Indeed, exhibits attached to the complaint demonstrate that Plaintiff was tapered off of morphine from May 14, 2015, to

May 27, 2015. Dr. Savage explained to Plaintiff that the risk issues outweigh any benefit for continuing morphine, and that it was not medically indicated.[1] (ECF No. 15 at p. 20.) Although Plaintiff believes that he should have been continued on or prescribed morphine, Defendants are not subject to liability for their failure to do so. At best, Plaintiff has alleged a disagreement with the course of treatment prescribed by medical officials. As indicated above, such an allegation fails to state a claim for relief. *Sanchez*, 891 F.2d at 242. Plaintiff's Eighth Amendment claims premised on inadequate medical care should therefore be dismissed.

## IV.    Conclusion and Recommendation

For the reasons stated, the Court finds that Plaintiff fails to state a cognizable claim upon which relief may be granted. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint, and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED without leave to amend due to Plaintiff's failure to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __November 17, 2017__          ___/s/ Barbara A. McAuliffe___

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. *See Steckman v. Hart Brewing*, 143 F.3d 1293, 1295-96 (9th Cir. 1998).